UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

    BRIAN A. POWELL                                        BK 24-10478 CLB
    CARRIE A. POWELL,

                Debtors.                          DECISION & ORDER
------------------------------------------------------

                    Joseph E. DeMarco, Esq.
                    Peter Grubea Attorneys
                    336 Harris Hill Road, Second Floor
                    Williamsville, New York 14221
                    Attorneys for Debtors

                    Julie Philippi, Esq.
                    170 Franklin Street, Suite 600
                    Buffalo, New York 14202
                    Chapter 13 Trustee


Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.

        The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109–8, 119 Stat. 23 (2005), adopted a means test to determine the minimum duration of a plan in Chapter 13. Pursuant to section 1325 of the Bankruptcy Code, the Court may not approve a plan over the trustee's objection unless either claims are fully paid or the debtors commit to pay all of the "projected disposable income to be received in the applicable commitment period." 11 U.S.C. § 1325(b)(1). The applicable commitment period is then set at either three or five years, depending on whether a multiple of the debtor's monthly income exceeds the median family income in the applicable state for the size of the debtor's household. 11 U.S.C. § 1325(b)(4). The present dispute involves the determination of household size for purposes of this calculation.

        Brian and Carrie Powell filed a joint petition for relief under Chapter 13 of the Bankruptcy Code on May 4, 2024. On that date, Mr. and Mrs. Powell resided at their

homestead with three adult children.  The debtors have stipulated that the children "are all gainfully employed and pay their own day-to-day living expenses;" but that except for reimbursement of a joint cell phone bill, the "debtors did not receive any financial contributions from any of the children for household expenses" during the six months prior to the commencement of bankruptcy.  Subsequent to the bankruptcy filing, the debtors' oldest daughter moved out, but the two other children continue to reside in the family residence.

With their bankruptcy petition, Brian and Carrie Powell filed Official Form 122C-1, which is entitled "Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period."  On this form, the debtors report only their own average monthly income, which does not include the separate income of their three children.  However, on line 16 of Form 122C-1, the debtors list a household size of five people.  This claim is significant.  For a household size of five individuals, the parents' income would require a commitment period of three years.  In other words, pursuant to 11 U.S.C. § 1325(b)(1), the debtors would need to pay only their projected disposable income for those 36 months.  However, if the household size consisted of only two people, the reported income is above median and would mandate a commitment period of five years.

The debtors have proposed a plan based on the application of a three year commitment period.  To this, the Chapter 13 trustee objects.  She contends that household size refers to the number of individuals in the household as an economic unit.  Inasmuch as the children pay their own living expenses, the trustee maintains that they are not part of the debtors' economic unit and are therefore not included in the household size for purposes of the means test.  Brian and Carrie Powell instead urge application of what they call the "census bureau heads on beds" approach.  Because five individuals were residing in the household on the date of bankruptcy

filing, the debtors contend that their household unit consists of five individuals, whether or not the children contribute to the funding of a plan.

## Discussion

"Household size" is a phrase not defined in the bankruptcy code, but for good reason. Living arrangements cover a myriad of possibilities as broad as are variations in the human condition. Individuals living in a particular house may or may not be related to one another. They may or may not contribute to household expenses. They may or may not qualify as dependents of the debtors for tax purposes. Their presence may be allowed for a consideration that might include cash payment or the rendering of services. Still others may reside as an expression of benevolence. This Court is therefore not surprised by the absence of any definitional guidance. Rather, we believe that household size is to be determined by a review of the totality of circumstances. When appropriate, we will consider standards of dependency under the Internal Revenue Code, treatment of occupants for census purposes, and every aspect of economic relationships.

Question 4 of Part 1 on Official Form 122C-1 required the debtors to list the following source of income: "All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support. Include regular contributions from an unmarried partner, members of your household, your dependents, parents and roommates." In the present instance, the debtors reported no such contributions. This representation is fully consistent with Schedules I and J that were filed with the bankruptcy petition, wherein Mr. and Mrs. Powell advised that the children were paying their own expenses. But the debtors will not be allowed to adopt inconsistent positions. To the extent that the income and expenses of the adult children are treated outside of the household budget, those adult children are excluded from the determination of household size.

In a proper instance, the Chapter 13 trustee may question a debtor's choice to disregard the income of someone residing in the same residence as the debtors.  In the absence of any such challenge, however, the debtors will be held to the representations of their filed schedules and Official Form 122C-1, all of which were filed under penalty of perjury.  Being financially independent, the adult children will here be excluded from the household for purposes of satisfying the means test of 11 U.S.C. § 1325(b)(1).  Accordingly, the trustee shall calculate the applicable commitment period based on a household of two individuals.

So ordered.

Dated: July 10, 2025			    \_\_/s/ Carl L. Bucki_____
     Buffalo, New York			    Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.